IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ACE AMERICAN INSURANCE COMPANY, )
                                )
        Plaintiff,               )
        Counter-defendant,       )
                                )
    v.                           )   No. 07 C 5037
                                )
RC2 CORPORATION, INC.,           )
LEARNING CURVE BRANDS, INC.,     )
LEARNING CURVE INTERNATIONAL, INC., )
                                )
        Defendants               )
        Counter-Claimants.       )

## OPINION AND ORDER

In ruling on the parties' cross motions for summary judgment, it was held that the insurance policies at issue--which contain territorial provisions limiting coverage to personal injury and property damage caused by an occurrence that takes place outside the United States--imposed on plaintiff insurer a duty to defend claims that allege injury to persons and property located in the United States caused by toys manufactured outside the United States. See ACE Am. Insur. Co. v. RC2 Corp., ___ F. Supp. 2d ___, 2008 WL 2937971 (N.D. Ill. June 26, 2008) ("ACE I"). Plaintiff promptly moved for reconsideration.[1]

---

[1] The court's order was dated and issued on June 26, 2008 and entered on the docket on June 30, 2008. Since no judgment was entered, Fed. R. Civ. P. 59(e) does not apply. Plaintiff's

Plaintiff reemphasizes arguments that it previously made and that were thoroughly considered by the court when contemplating its ruling. In responding to the motion for reconsideration, defendants do not address the merits of plaintiff's contentions. Defendants' response is that rehashing previously raised arguments is not appropriate on a motion for reconsideration. However, it is well within this court's discretion to reconsider legal arguments that were previously presented in order to avoid legal error. This is especially true when the reconsideration pertains to an interlocutory order. See Fed. R. Civ. P. 54(b); Armstrong v. Aldridge, 2008 WL 2497435 *1 (S.D. Ill. June 19, 2008); Landeen v. Phonebillit, Inc., 2007 WL 4556739 *2 (S.D. Ind. Dec. 20, 2007); In re Spiegel, Inc. Sec. Litig., 2005 WL 1838449 *7 (N.D. Ill. July 29, 2005); Denson v. Northeast Ill. Reg'l Commuter R.R. Corp., 2002 WL 745797 *1 (N.D. Ill. April 26, 2002); United States ex rel. Bidani v. Lewis, 2001 WL 747524 *2 (N.D. Ill. June 29, 2001). Therefore, the court has reviewed the arguments contained in plaintiff's motion for reconsideration.

Plaintiff's present arguments concern the territorial provision of the insurance policies, not any of the other issues

---

motion was filed two weeks after the date of the order, which would have been less than the time allowed by Rule 59(e) had a judgment been entered on either June 26 or June 30.

addressed in the summary judgment ruling. Plaintiff's primary argument is that Illinois law is clear that, for the type of policy at issue, the place of injury establishes where an occurrence takes place. In support of this proposition, plaintiff relies on a single, 38-year-old case that concerns the timing of an occurrence, not the place of an occurrence. See Great Am. Ins. Co. v. Tinley Park Recreation Comm'n, 124 Ill. App. 3d 19, 259 N.E.2d 867 (1st Dist. 1970). For the reasons discussed in ACE I, that case is distinguishable from the present case. See ACE I, 2008 WL 293791 at *4.

Plaintiff also cites cases from other states. Whether or not expressly cited or discussed in ACE I, all those cases were considered at the time of the prior ruling. They are not controlling in Illinois, generally are distinguishable, or contain only conclusory reasoning that is inconsistent with Illinois precedents. This is not a reason to revise the prior ruling.

Plaintiff's other contention is that the court improperly equates proximate cause with occurrence. As is discussed in ACE I, the plain language of the policies' territorial provisions refers to where the occurrence causing injury took place, not where the injury itself took place. Since each territorial provision focused on cause, it was proper to focus on cause in

determining where the occurrence pertinent to the territorial provision took place. Here, the occurrences that allegedly caused injury took place in both China and the United States. As was noted in ACE I, 2008 WL 2937971 at *6, it is consistent with Illinois tort law to have more than one proximate cause of an injury. Since each occurrence--at least in part--took place in China, the occurrences causing injury took place outside the United States and therefore fall within the territorial coverage of the policies.

The ruling in ACE I is fully consistent with the plain language of the policies' territorial provisions and does not fail to follow any controlling Illinois precedent. ACE I will not be modified.

As was noted in ACE I, defendants' summary judgment motion did not provide a basis for fully resolving defendants' counterclaims for attorney fees and other expenses incurred in defending themselves in the underlying lawsuits. Presumably, the parties can stipulate as to those amounts which would permit the entry of a final judgment. At or prior to the next status hearing, the parties shall provide a draft judgment order or be prepared to discuss what procedures may be necessary to bring this case to judgment.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration [51] is denied. A status hearing will be held on September 10, 2008 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 14, 2008