IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ACE AMERICAN INSURANCE COMPANY,  )
                                 )
            Plaintiff,           )
            Counter-defendant,   )
                                 )
        v.                       )    No. 07 C 5037
                                 )
RC2 CORPORATION, INC.,           )
LEARNING CURVE BRANDS, INC., and )
LEARNING CURVE INTERNATIONAL, INC., )
                                 )
            Defendants           )
            Counter-Claimants.   )

## OPINION AND ORDER

In this action, plaintiff-counterdefendant ACE American Insurance Co. sought a declaration that it did not have a duty to defend or indemnify defendants-counterplaintiffs RC2 Corporation, Inc., Learning Curve Brands, Inc., and Learning Curve International, Inc. in lawsuits based on defendants' alleged sale of children's toys containing lead paint. Defendants counterclaimed for a declaration that there is a duty to defend and for related claims seeking reimbursement of defense costs that defendants have incurred defending themselves in the underlying lawsuits. Since all the underlying lawsuits were still pending, plaintiff's claims were not ripe to the extent

they were based on indemnity. Lear Corp. v. Johnson Elec. Holdings, Inc., 353 F.3d 580, 583 (7th Cir. 2003); Ace Am. Ins. Co. v. RC2 Corp., 568 F. Supp. 2d 946, 957 (N.D. Ill. 2008) ("Ace I"); St. Paul Mercury Ins. Co. v. Commercial Prop. Assoc., Inc., 2005 WL 1126883 *2-3 (N.D. Ill. May 10, 2005), reconsideration denied, 2005 WL 1500922 *1-2 (N.D. Ill. June 15, 2005).

On the parties' cross-motions for summary judgment, it was held that plaintiff had a duty to defend under the applicable policies. See Ace I, supra. As a result, plaintiff's complaint was subject to dismissal and defendants were entitled to a declaration that plaintiff had a duty to defend. However, no final judgment was entered because defendants' counterclaims seeking reimbursement of their litigation expenses had not been raised in the summary judgment motion and remained to be resolved. The parties were directed to attempt to resolve such issues and submit a draft judgment order if they could settle this damages issue. See id., 568 F. Supp. 2d at 958. The ruling on summary judgment was dated June 26, 2008 and entered on the docket on June 30. Within ten court days, plaintiff moved for reconsideration. In an order dated August 14, 2008 and entered on the docket on August 18, that motion was denied. See Docket

Entry [61] ("Ace II").[1] The parties were again directed to attempt to resolve the monetary issue so that a final judgment could be entered. Ace II, at 4. The parties have not been able to settle the monetary issue.

On September 11, 2008, defendants moved to amend their counterclaim and that motion was granted on September 17. The amended counterclaim includes the additional allegation that a settlement was approved in one of the underlying class actions that resolves all the underlying lawsuits. Based on this additional allegation, the counterclaim includes a claim for indemnity for the settlement amount and a related contract claim. The amended counterclaim alleges that final approval of the settlement was granted on August 6, 2008. In a brief filed in response to a currently pending motion, defendants represented that they expected the amount of their liability in the settlement to be finally determined on November 6, 2008, when a final report and accounting of the administration of the settlement was to be submitted to the court in the underlying action. The general allegations of the amended counterclaim and

---

[1] Since no judgment was entered, the ten-day time limit of Fed. R. Civ. P. 59(e) did not apply. Ace II, at 1 n.1. However, a motion to reconsider an interlocutory order should still be brought promptly and bringing it within the time limit of Rule 59(e) will be considered to be reasonably prompt. See United States Gypsum Co. v. LaFarge N. Am., Inc., 2007 WL 2091020 *1 (N.D. Ill. July 18, 2007); Anderson v. Cornejo, 199 F.R.D. 228, 252-53 (N.D. Ill. 2000).

this statement are insufficient to determine when exactly the indemnity claims should be considered to have ripened. To the extent there is now a ripe indemnity claim, plaintiff may be entitled to amend its Complaint as well.

On October 2, 2008, plaintiff moved for entry of a partial judgment under Rule 54(b). As discussed below, this is not an appropriate case for entry of a Rule 54(b) judgment.[2]

> An order pursuant to Rule 54(b) requires a finding "that there is no just reason for delay." Fed. R. Civ. P. 54(b). In the present situation, there must be a distinct claim that has been fully resolved with respect to all parties. Lottie v. West American Insurance Co., of Ohio Casualty Group of Insurance Cos., 408 F.3d 935, 938 (7th Cir. 2005) (quoting Factory Mutual Insurance Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004)). The Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." Lottie, 408 F.3d at 938-39.
>
> Rule 54(b) is not intended to provide an option to the district court to certify issues for interlocutory appeal. Factory Mutual, 392 F.3d at 924. Rather, Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where "separate" means having minimal factual overlap. Continental Cas. [Co. v. Anderson Excavating & Wrecking Co.], 189 F.3d [512], 516 [(7th Cir.1999)]. See also Ty, Inc. v. Publications Int'l Ltd., 292 F.3d 512, 515 (7th Cir. 2002), cert. denied, 537 U.S. 1110 (2003) ("separate" in the Rule 54(b) context does

---

[2]Since the Rule 54(b) motion is otherwise being denied, it is unnecessary to consider if it is timely.

> not mean arising under a different statute
> or legal doctrine but rather means
> involving different facts); Horwitz v.
> Alloy Auto. Co., 957 F.2d 1431, 1434 (7th
> Cir. 1992) (if there is a great deal of
> factual or legal overlap between counts,
> they are considered the same claim for Rule
> 54(b) purposes).
>> The test for separate claims under the
>> rule is whether the claim that is
>> contended to be separate so overlaps
>> the claim or claims that have been
>> retained for trial that if the latter
>> were to give rise to a separate appeal
>> at the end of the case the court would
>> have to go over the same ground that
>> it had covered in the first appeal.
>
> Lawyers Title Ins. Corp. v. Dearborn Title
> Corp., 118 F.3d 1157, 1162 (7th Cir. 1997).
> Lottie, 408 F.3d at 939.

AutoZone v. Strick, 2007 WL 683992 *2-3 (N.D. Ill. March 1, 2007).

Here, plaintiff's Complaint based on the duty to defend has been fully resolved. However, defendants' duty-to-defend counterclaim cannot be considered to be separate from plaintiffs' claim on the same issue. Cf. id. at *3 (competing claims and counterclaims regarding trademarks). Damages as to defendants' counterclaim have not yet been resolved. Damages are not considered to be separate from the merits of the claim. Therefore, it is clear that this is not an appropriate case for entering a Rule 54(b) judgment. Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 745 (1976); Cadleway Prop., Inc. v. Ossian State Bank, 478 F.3d 767, 769 (7th Cir. 2007); Dearborn Title, 118 F.3d

- 5 -

at 1169; Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Central Trans., Inc., 935 F.2d 114, 116 (7th Cir. 1991); Horn v. Transcon Lines, Inc., 898 F.2d 589, 594 (7th Cir. 1990). Since an unresolved damages issue precludes entry of a Rule 54(b) judgment, it is unnecessary to also consider whether defendants' indemnity counterclaim is separable from the duty to defend claims.

Resolution of the Rule 54(b) issue, however, does not eliminate all possibilities of an interlocutory appeal. Although plaintiff does not expressly invoke certifying an appeal pursuant to 28 U.S.C. § 1292(b), its arguments regarding the reasons for permitting an interlocutory appeal invoke the reasons necessary for supporting a § 1292(b) appeal. Plaintiff's motion can be construed as a motion for § 1292(b) certification. See Carolina Cas. Ins. Co. v. Estate of Zinsmaster, 2007 WL 670898 *2 (N.D. Ind. Feb. 27, 2007), which has a different timeliness requirement and different certification standard.[3]

The statutory criteria for a Rule 1292(b) motion are: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." Ahrenholz v. Board of Tr. of Univ. of Ill., 219 F.3d 674, 676 (7th Cir. 2000). Accord Muniz v. Rexnord

---

[3]Since a § 1292(b) appeal will not be certified, it is unnecessary to consider the timeliness issue.

Corp., 2007 WL 257710 *1 (N.D. Ill. Jan. 23, 2007). Interlocutory appeals pursuant to § 1292(b) are to be granted sparingly and only when the circumstances are exceptional. Asher v. Baxter Int'l Inc., 505 F.3d 736, 741 (7th Cir. 2007) (dictum); Alloc, Inc. v. Pergo, Inc., 572 F. Supp. 2d 1024, 1029 (E.D. Wis. 2008) (citing Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972)); In re Beale, 2008 WL 538913 *2 (N.D. Ill. Feb. 20, 2008); NMHG Fin. Serv., Inc. v. Wickes Inc., 2007 WL 3087146 *1 (N.D. Ill. Oct. 17, 2007). As an exception to the general rule of finality, the requirements for a § 1292(b) appeal are to be strictly construed. Walker v. Northern Trust Co., 2008 WL 1775498 *2 (N.D. Ill. April 17, 2008).

It is a statutory requirement that an immediate appeal will speed up resolution of the case, that is, "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). That requirement is not satisfied in this case. It is true that a successful appeal by plaintiff would likely result in plaintiff's success on both the duty to defend and indemnity issues. If that were to be the result, the resolution of the case could be speeded up. But that would be true any time a defendant will raise on appeal an issue going to an essential element of the plaintiff's claim. That is not an exceptional circumstance. Even if defendant were to lose an interlocutory

appeal, the resolution of the case might be advanced because plaintiff might then be more willing to resolve the monetary issues. Again, there is nothing exceptional about that. More to point, defendants have already moved for summary judgment on the issue of monetary relief related to the duty to defend. Resolving that issue may more quickly resolve the remaining duty to defend issues than certifying an appeal. Even if summary judgment cannot presently be granted, the court's ruling on the issue may assist the parties in reaching an accord on the issue. If the monetary issue is resolved, then, as plaintiff contends, it may be appropriate to enter a Rule 54(b) judgment on the duty to defend issues even while the indemnity claims remain pending.[4] Or it may be that the indemnity issues, which are based on a settlement of the underlying litigation, will not involve significant factual disputes and can also be quickly resolved on undisputed facts. In any event, this case does not presently involve exceptional circumstances justifying certification of a § 1292(b) interlocutory appeal.

For the foregoing reasons, no rule 54(b) judgment will be entered and no Rule 1292(b) appeal will be certified. Defendants' motion for summary judgment will proceed to briefing. As to the documents that defendants requested to file under seal,

---

[4] At this time, no opinion is expressed as to the merits of that contention.

they should instead provide a copy of those documents to chambers only[5] by delivering a single set of exhibits to the courtroom deputy. In the meantime, the parties may continue to attempt to agree to a resolution of the monetary issues.

IT IS THEREFORE ORDERED that plaintiff's motion for entry of a Rule 54(b) judgment [73] is denied. Defendants' motion to file restricted documents [83] is denied without prejudice to submitting one set of those documents to chambers only. By December 5, 2008, plaintiff shall answer defendants' motion for summary judgment [79]. Defendants' reply is due December 19, 2008. Ruling will be by mail.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 13, 2008

---

[5]A copy is also to be provided to plaintiff. The documents are not to be filed in the court record. If these documents are subsequently pertinent to an appeal, it is the parties' responsibility to provided a copy for the court of appeals and to file any appropriate motion to supplement the appellate record.